IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAMON WALKER )<br>   )<br> Plaintiff, )<br>   )<br>v. )<br>   )<br>ANSWER TOPEKA, INC., )<br>   )<br> Defendant. )<br>   ) | Case No. 20-CV-02049 |

**DEFENDANT'S ANSWER TOPEKA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Answer Topeka, Inc. ("Answer Topeka"), by and through undersigned counsel, for its answer and affirmative defense to Plaintiff Damon Walker's Complaint, states as follows:

**DESIGNATION OF PLACE OF TRIAL**

COMES NOW, Defendant, Answer Topeka, and hereby designates Topeka, Kansas as the proper place for trial of the above-captioned matter. Answer Topeka affirmatively submits venue is not proper in Kansas City, Kansas, as designated by Plaintiff, and all parties reside in and operate in Topeka, Kansas.

**NATURE OF CLAIM**

1. Defendant admits the nature of the claim as described by Plaintiff but denies any violation of the statutes as pled or its application herein and further denies that Defendant engaged in any discriminatory, retaliatory, or unlawful conduct as alleged or that Plaintiff is entitled to any relief in response to paragraph 1 of the Complaint.

## PARTIES

2. Defendant admits Plaintiff is an African-American male employed by the Defendant from August 23, 2018 until November 18, 2019. Defendant denies the balance of the allegations asserted in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 4 of the Complaint and so the same are denied.

## JURISDICTION AND VENUE

5. Defendant admits the allegation contained in paragraph 5 of the Complaint, but denies any violation of this statute or jurisdiction as pled or its application herein and further denies that Defendant engaged in any discriminatory or retaliatory conduct as alleged or that Plaintiff is entitled to any relief in response to paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint. Defendant affirmatively submits none of the events or omissions giving rise to Plaintiff's claims occurred in the Kansas City, Kansas District.

## ADMINISTRATIVE PROCEEDINGS

7. Defendant admits Plaintiff filed a timely charge of sex discrimination with the EEOC. Defendant denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendant admits Plaintiff received his Notice of Right to Sue on his sex discrimination claim. Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits Plaintiff was employed by Defendant on August 27, 2018 as a customer service representative. Defendant denies the remaining allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint. Defendant denies the allegations in paragraph 13 of the Complaint occurred in the course and scope of the co-workers' employment and asserts the allegation is untimely.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant admits co-worker Rivera was not terminated in February, 2019. Defendant denies the remaining allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 18 of the Complaint and so the same are denied.

19. Defendant admits co-worker Megan was not terminated. Defendant denies the remaining allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant admits Plaintiff met with Mr. Woodbury and Lori. Defendant denies the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant admits that on September 30, 2019 and October 8, 2019, Plaintiff requested a schedule change to stop working nights due to health and family issues and to move to part-time employment. Defendant denies the remaining allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant admits Plaintiff communicated to Ms. Hall via text that "I left I done" and "I'm not returning" after he walked out and quit before his shift ended November 18, 2019. Defendant denies the remaining allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 37 of the Complaint and so the same are denied.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

## COUNT I

41. Defendant realleges its responses to the preceding paragraphs as set forth herein.

42. Defendant denies the allegations contained in paragraphs 42, 43, 44, 45, 46, 47, 48, 49 and 50 of the Complaint.

43. Plaintiff's prayer for relief in Count I of the Complaint is not a paragraph which requires response, however, in an abundance of caution, Defendant denies Plaintiff's allegations and further denies that Plaintiff is entitled to any relief as pled.

## COUNT II

44. Defendant realleges its responses to the preceding paragraphs as set forth herein.

45. Defendant denies the allegations contained in paragraphs 52, 53, 54, 55, 56, 57, 58, 59 and 60 of the Complaint.

46. Plaintiff's prayer for relief in Count II of the Complaint is not a paragraph which requires response, however, in an abundance of caution, Defendant denies Plaintiff's allegations and further denies that Plaintiff is entitled to any relief as pled.

## COUNT III

47. Defendant realleges its responses to the preceding paragraphs as set forth herein.

48. Defendant denies the allegations contained in paragraphs 62, 63, 64, 65, 66, 67 and 68 of the Complaint.

49. Plaintiff's prayer for relief in Count III of the Complaint is not a paragraph which requires response, however, in an abundance of caution, Defendant denies Plaintiff's allegations and further denies that Plaintiff is entitled to any relief as pled.

## COUNT IV

50. Defendant realleges its responses to the preceding paragraphs as set forth herein.

51. Defendant denies the allegations contained in paragraphs 70, 71, 72 and 73 of the Complaint.

52. Plaintiff's prayer for relief in Count IV of the Complaint is not a paragraph which requires response, however, in an abundance of caution, Defendant denies Plaintiff's allegations and further denies that Plaintiff is entitled to any relief as pled.

## COUNT V

53. Defendant realleges its responses to the preceding paragraphs as set forth herein.

54. Defendant denies the allegations contained in paragraphs 75, 76, 77, 78, 79, 80 and 81 of the Complaint.

55. Plaintiff's prayer for relief in Count V of the Complaint is not a paragraph which requires response, however, in an abundance of caution, Defendant denies Plaintiff's allegations and further denies that Plaintiff is entitled to any relief as pled.

56. For further answer, Defendant denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

For its affirmative defenses and for further answer, Defendant states as follows:

57. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

58. Plaintiff's claims fail because he did not participate in conduct protected under law.

59. Plaintiff's claims are barred because any and all action taken and determinations made by Defendant related to Plaintiff's employment were taken for lawful, non-discriminatory,

non-retaliatory, or other legitimate business reasons, unrelated to his sex, race, participation in any protected activity, or other prohibited consideration.

60. Defendant would have made the same decisions regarding Plaintiff's employment regardless of his membership in a protected class, protected activity, or any other factor protected by law.

61. Plaintiff's claims are barred to the extent that there was no causal connection between the events in the Complaint and any damages which Plaintiff allegedly suffered.

62. Plaintiff is not entitled to compensatory, declaratory, and punitive relief as pled.

63. If Plaintiff sustained damages, which is specifically denied, such damages were caused by Plaintiff or others, not the Defendant.

64. Plaintiff has failed to mitigate his damages, if any.

65. Plaintiff's claims are barred in whole or in part, by the doctrines of waiver, laches, unclean hands, and estoppel

66. Plaintiff's claims are barred because Defendant's remedial measures were adequate to respond to any actual or constructively known discrimination.

67. Defendant made good faith efforts to prevent discrimination and comply with all applicable laws, barring any claim for punitive damages.

68. Plaintiff's claims are barred by his failure to exhaust administrative remedies.

69. Plaintiff's claims are barred as untimely.

70. Upon information and belief, Plaintiff's claims may be barred, in whole or in part, by the doctrine of after acquired evidence.

71. Defendant claims all of the defense, rights and immunities afforded by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* and 42 U.S.C. § 1981.

72. Any claim for liquidated or punitive damages must be denied because Defendant did not willfully violate or recklessly disregard any law with respect to its treatment of Plaintiff.

73. Defendant reserves the right to amend its pleadings to assert additional defenses, including the defense of after-acquired evidence, as such become known or are ascertained through discovery.

WHEREFORE, having fully answered Plaintiff's allegations in his Complaint, Defendant prays Plaintiff take nothing by his Complaint and that Defendant be granted judgment for costs, fees, and such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Defendant demands all appropriate fact issues be tried to a jury.

Respectfully submitted,

*/s/ Brenda L. Head*
Brenda L. Head, #15657
John C. Frieden, #06592
FRIEDEN & FORBES, LLP
1414 S.W. Ashworth Place, Suite 201
Topeka, KS  66604
TEL:   785/354-1100
FAX:   785/354-1113
bhead@fflawllp.com
jfrieden@fflawllp.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

   I hereby certify that on the 11th day of August, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send a notice of electronic filing to the following:

M. Shaun Stallworth
Holman Schiavone, LLC
4600 Madison Ave., Suite 810
Kansas City, MO  64112
sstallworth@hslawllc.com
**ATTORNEYS FOR PLAINTIFF**

              */s/ Brenda L. Head*
              Brenda L. Head, #15657